IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC C. HALL,

      Plaintiff,                                No. CIV S-05-1104 RRB DAD P

      vs.

SCOTT KERWAN, et al.,

      Defendants.                      <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Due to the court's inadvertence, plaintiff's complaint, which was filed on June 3, 2005, has never been screened. However, plaintiff has not filed any further documents or made inquiries regarding the status of his case since this action was filed thus suggesting that he may have elected not to pursue the matter. Therefore, the court will order plaintiff to inform the court as to whether he intends to proceed with this action. If plaintiff intends to proceed, he must file an amended complaint to cure deficiencies specified in this order. The court will defer ruling on plaintiff's application for leave to proceed in forma pauperis until plaintiff has responded to this order.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. <u>See</u> 28 U.S.C.

1

1  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
2  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
3  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
4  U.S.C. § 1915A(b)(1) & (2).

5  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
6  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
7  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
8  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
9  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
10  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
11  Cir. 1989); Franklin, 745 F.2d at 1227.

12  A claim should be dismissed for failure to state a claim upon which relief may be
13  granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the
14  claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing
15  Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651
16  F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must
17  accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees,
18  425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable
19  to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S.
20  411, 421 (1969).

21  Here, plaintiff contends that on April 15, 2005, his First, Eighth, and Fourteenth
22  Amendment rights were violated when he was placed on lockdown status because his cell-mate
23  was a suspected associate of a racial group involved in a prison riot on April 10, 2005.  It appears
24  that plaintiff is alleging that placing him on lockdown status violated his due process rights
25  because he did not receive the warden's written approval for extending his cell confinement, was
26  not charged with a rule violation and did not appear before the classification committee.  In

1  addition, it appears plaintiff complains that he was also placed on a restricted shower schedule as
2  a result of being locked down.  Next, plaintiff claims that on April 2, 2005, he was found guilty
3  of an administrative rule violation for "attempt theft" which plaintiff argues is a "non-existent
4  offense" under California Code of Regulations, title 15 § 3012[1].  (Compl. at 3.)  Finally, plaintiff
5  contends that he was denied due process in that he was not allowed to have a witness at the
6  hearing and was not provided the assistance of a staff member.

7              Plaintiff is advised that it appears that his due process claim is not cognizable.
8  Although prisoners may not be deprived of life, liberty, or property without due process of law,
9  plaintiff must establish that he has a protected liberty interest.  Sandin v. Conner, 515 U.S. 472,
10 481-84 (1995).  The existence of a liberty interest is determined by focusing on the nature of the
11 deprivation.  Id.  Liberty interests created by prison regulations are limited to freedom from
12 restraint which "imposes atypical and significant hardship on the inmate in relation to the
13 ordinary incidents of prison life."  Id. at 484.  Generally, lockdowns[2] have not been found to
14 impose atypical or significant hardship on inmates and are insufficient to trigger the procedural
15 due process protections set forth in Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  See
16 Hayward v. Procunier, 629 F.2d 599, 601 (9th Cir. 1980) (holding that there is no procedural due
17 process right to a hearing prior to the imposition of a lockdown to determine if the heightened
18 security was justified); Hunt v. McKay, No. CIV S-04-0435 LKK JFM P, 2007 WL 642938, *5
19 (E.D. Cal. March 2, 2007) (concluding that a 12 day lockdown was not a dramatic departure from
20 basic conditions as contemplated by Sandin).  Here, plaintiff's restricted shower schedule which
21 was implemented because of the lockdown, is not the type of atypical and significant hardship
22 which would trigger the right to procedural safeguards.  Moreover, in light of the riot referred to

---

[1]  15 CCR § 3012 provides:  "inmates may not obtain anything by theft, fraud or dishonesty."

[2]  In Hayward v. Procunier, 629 F.2d 599, 600 n.1 (9th Cir. 1980), the court defined "lockdown" as "a condition of abnormally heightened security during which prisoners are confined to their cells totally or for a much greater portion of the day than usual."

by plaintiff in his complaint, prison administrators were entitled to confine inmates under greater security pending an investigation of the matter. See Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).

As to plaintiff's due process claim concerning the administrative rule violation charge, the court finds that this also fails to state a cognizable claim. Under California Code of Regulations, title 15 § 3314(a)(3)(A), an administrative rule violation includes, but is not limited to "[t]heft . . . or unauthorized acquisition or exchange of personal or state property valued at $50 or less." Thus, plaintiff's argument that he was charged with a non-existent rule violation, lacks merit. In addition, the regulation states that "[t]he inmate does not have the right to call witnesses or to have an investigative employee assigned." Cal. Code of Regs. tit. 15, § 3314(c). Unlike a disciplinary hearing for a serious rule violation, an administrative violation is misconduct that does not constitute a misdemeanor offense (Cal. Code of Regs. tit. 15, § 3314), the punishment for which includes suspension of privileges for no more than thirty days (id.), and administrative rule violations are not considered in determining an inmate's suitability for parole (id. at § 2281). See Tunstall v. Yentes, No. CIV S-05-0280 LKK CMK P, 2007 WL 587231, *2-3 (E.D. Cal. Feb. 26, 2007).

It is possible that plaintiff may be able to clarify his allegations and state cognizable claims in an amended complaint. If plaintiff wishes to proceed with this action, he must also clarify his First and Eighth Amendments claims and must allege with at least some degree of particularity the overt acts which each defendant engaged in that support his claims. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Moreover, supervisory

1  personnel are generally not liable under § 1983 for the actions of their employees under a theory
2  of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the
3  causal link between him and the claimed constitutional violation must be specifically alleged.
4  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441
5  (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official
6  personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d
7  266, 268 (9th Cir. 1982).
8              Plaintiff is informed that the court cannot refer to a prior pleading in order to
9  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
10 complaint be complete in itself without reference to any prior pleading.  This is because, as a
11 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
12 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
13 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
14 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
15             Accordingly, IT IS HEREBY ORDERED that:
16             1. Within thirty days from the date of this order, plaintiff shall file a notice
17 informing the court if he intends to proceed with this action or whether he requests the voluntary
18 dismissal of this action.
19             2. Plaintiff's complaint is dismissed.
20             3. Should plaintiff decide to proceed with this action, he is granted thirty days
21 from the date of service of this order to file an amended complaint that complies with the
22 requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules
23 of Practice; the amended complaint must bear the docket number assigned to this case and must
24 be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the court.
25 /////
26 /////

1          4.  Plaintiff's failure to file a notice in response to this order or an amended
2  complaint in accordance with this order, will result in a recommendation that this action be
3  dismissed without prejudice.
4          5.  The Clerk of the Court is directed to provide plaintiff with a copy of the court's
5  form complaint for a § 1983 action.
6  DATED: November 2, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hall1104.14